UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**TO BE FILED
UNDER SEAL**

------------------------------------------------x
:
SECURITY INSURANCE COMPANY OF HARTFORD :
(for Itself and as Successor in Interest to :
the Fire and Casualty Insurance Company of Connecticut : Docket No. _____
and the Connecticut Indemnity Company), :
:
                Petitioner, :
:
      -against- : **DECLARATION OF**
: **MICHELE L. JACOBSON**
COMMERCIAL RISK REINSURANCE COMPANY : **IN SUPPORT OF**
LIMITED (BERMUDA) and COMMERCIAL RISK RE- : **REQUEST TO FILE**
INSURANCE COMPANY (VERMONT), : **UNDER SEAL**
:
                Respondents. :
:
:
------------------------------------------------x

      **MICHELE L. JACOBSON** hereby declares under penalty of perjury that the following is true and correct:

1.    I am a member of the firm of Stroock & Stroock & Lavan LLP, attorneys for Petitioners Security Insurance Company of Hartford, itself and as successor in interest to The Fire and Casualty Insurance Company of Connecticut and The Connecticut Indemnity Company ("Petitioner"). I make this declaration in support of Petitioner's Request to File its Petition Under Seal and for an Order sealing the record of this proceeding.

2.    The parties to the instant case were parties to an Arbitration underlying these proceedings. At the outset of that Arbitration, the parties and Panel then in place entered into a Confidentiality Agreement and Order (the "Confidentiality Agreement and

Order"). A true and correct copy of the Confidentiality Agreement is attached hereto as Exhibit 1.

3. The Confidentiality Agreement and Order entered into between the parties is the standard form order used in the reinsurance industry to maintain the confidentiality of arbitrations. In fact, it is the form of order suggested by the U.S. division of the Association Internationale de Droit des Assurances (AIDA) Reinsurance and Insurance Arbitration Society, "ARIAS-US," a not-for-profit corporation that promotes the improvement of the insurance and reinsurance arbitration process for the international and domestic markets.

4. Paragraph 2 of the Confidentiality Agreement and Order provides that all "Arbitration Information" (defined in the Confidentiality Agreement to include "all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings") must be kept confidential. Id. at ¶ 2.

5. While requiring that Arbitration Information be maintained as confidential by the parties, Paragraph 3 of the Confidentiality Agreement and Order provides that "[d]isclosure of Arbitration Information may be made . . . (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to a motion to confirm, modify or vacate an arbitration award." Id. at ¶ 3(b).

6. Significantly, this paragraph goes on to require that "[i]n connection with any disclosure pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed." Id. at ¶ 3.

7. Moreover, demonstrating the importance of, and the parties' emphasis on, confidentiality, Paragraph 3 further states that "[i]n all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information." Id.

8. On April 24, 2007, Petitioner sought a sealing order pursuant to the same Confidentiality Agreement and Order in connection with proceedings it was commencing with respect to the same Arbitration. The Court (Griesa, J.) entered that Order on April 24, 2007. A true and correct copy of that order is attached hereto as Exhibit 2.

9. Pursuant to the Confidentiality Agreement and Order, Petitioners respectfully request that they be permitted to file their Petition under seal, and that this Court further order that the entire record of this proceeding shall be sealed from public access.

Dated: New York, New York
August 10, 2007

*[signature]*
MICHELE L. JACOBSON (MJ-4297)