UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SECURITY INSURANCE COMPANY OF : 
HARTFORD (for itself, and as Successor in : **Docket No.  07 CV 7191 (VM)**
Interest to The Fire and Casualty Insurance :
Company of Connecticut, and The Connecticut : **Case Filed Under Seal**
Indemnity Company) :
      Petitioners, : **ANSWER TO PETITION TO**
       : **CONFIRM ARBITRATION**
  -against- : **AWARD**
       :
COMMERCIAL RISK REINSURANCE :
COMPANY LIMITED (BERMUDA) and :
COMMERCIAL RISK RE-INSURANCE :
COMPANY (VERMONT), :
       :
      Respondents. :
------------------------------------------------------------ X

    Respondents Commercial Risk Reinsurance Company Limited (s/h/a Commercial Risk Reinsurance Company Limited (Bermuda)) and Commercial Risk Re-Insurance Company (s/h/a Commercial Risk Re-Insurance Company (Vermont)) (collectively, "CRP"), by and through their undersigned counsel, answer the Petition of Security Insurance Company of Hartford ("SICH") as follows:

    1.  Refer the Court to the reinsurance treaties referenced in Paragraph 1 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

    2.  Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Petition.

#275444v1

3. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Petition.

4. Deny each and every allegation in Paragraph 4 of the Petition, except admit that SICH issued cession statements to CRP relating to the NHE, HPP and ORS programs.

5. Deny each and every allegation in Paragraph 5 of the Petition, except deny knowledge and information sufficient to form a belief as to the time at which SICH entered run-off.

6. Deny each and every allegation in Paragraph 6 of the Petition.

7. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Petition.

8. Deny the allegations in Paragraph 8 of the Petition, except admit that the Arbitration arose out of the Treaties mentioned therein.

9. Admit the allegations in Paragraph 9 of the Petition.

10. Refer the Court to the hearing transcript pages referenced in Paragraph 10 of the Petition for the complete contents thereof, and except as so admitted, deny the allegations of said paragraph.

11. Deny the allegations in Paragraph 11 of the Petition.

12. Deny the allegations in Paragraph 12 of the Petition.

#275444v1

13. Refer the Court to the Award referenced in Paragraph 13 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

14. Deny the allegations in Paragraph 14 of the Petition.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Petition.

16. Admit the allegations in Paragraph 16 of the Petition.

17. Admit the allegations in Paragraph 17 of the Petition

18. Answering Paragraph 18 of the Petition, admit that the arbitration was not entirely between citizens of the United States, and refer all questions of law to the Court for resolution.

19. Refer the Court to the reinsurance treaties referenced in Paragraph 19 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

20. Refer the Court to the reinsurance treaties referenced in Paragraph 20 of the Petition for the complete terms thereof, refer all questions of law to the Occur for resolution, and otherwise deny the allegations of said paragraph.

21. Answering Paragraph 21 of the Petition, refer all questions of law to the Court for resolution.

22. Answering Paragraph 22 of the Petition, refer all questions of law to the Court for resolution.

23. Admit the allegations in Paragraph 23 of the Petition.

24. Admit the allegations in Paragraph 24 of the Petition.

25. Deny the allegations in Paragraph 25 of the Petition, except admit that Commercial Risk Re-Insurance Company has its principal place of business in New York, New York.

26. Deny the allegations in Paragraph 26 of the Petition, except admit that the arbitration hearing took place within this judicial district.

27. Answering Paragraph 27 of the Petition, refer all questions of law to the Court for resolution.

28. Refer the Court to the reinsurance treaties referenced in Paragraph 28 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

29. Refer the Court to the arbitration clause referenced in Paragraph 29 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

30. Deny the allegations in Paragraph 30 of the Petition, except admit that it received three separate arbitration demands from SICH.

31.     Answering Paragraph 31 of the Petition, admit that SICH, in its Arbitration Demands, identified an arbitrator and requested that CRP appoint an arbitrator, refer the Court to the treaties for the complete terms of the arbitration clauses, and except as so admitted, deny the remaining allegations in said Paragraph.

32.     Deny the allegations in Paragraph 32 of the Petition, except admit that CRP appointed an arbitrator and the two party-appointed arbitrators chose a third arbitrator.

33.     Deny the allegations in Paragraph 33 of the Petition, except admit that CRP's party-appointed arbitrator resigned from the arbitration panel.

34.     Deny the allegations in Paragraph 34 of the Petition, except admit that CRP appointed a new arbitrator subsequent to the withdrawal of its originally-appointed arbitrator.

35.     Answering Paragraph 35 of the Petition, refer the Court to the Petition to Compel for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

36.     Refer the Court to the Decision and Order of the Court referenced in Paragraph 36 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

37.     Admit the allegations in Paragraph 37 of the Petition.

#275444v1

38. Deny the allegations in Paragraph 38 of the Petition, except admit that the panel was comprised of SICH's original party-appointed arbitrator, CRP's replacement party-appointed arbitrator, and the originally selected third arbitrator.

39. Admit the allegations in Paragraph 39 of the Petition.

40. Admit the allegations in Paragraph 40 of the Petition.

41. Answering Paragraphs 41 through 70 of the Petition, contend that these allegations, which are an attempt by SICH to summarize and draw conclusions from the evidence that was presented at the arbitration hearing, are not properly before the Court and are not appropriate for consideration on a motion to confirm pursuant to 9 U.S.C. §§9 and 207. To the extent that the allegations are based upon the documents and testimony presented at the arbitration hearing, CRP refer the Court to those documents and testimony for the complete contents thereof. Except as so admitted, CRP deny all allegations in those Paragraphs and contend that, in the event that the allegations are or become relevant to this proceeding, SICH has the burden of proof to establish the truth of the facts underlying those allegations.

71. Refer the Court to the Award referenced in Paragraph 71 of the Petition, and except as so admitted, deny the allegations of said paragraph.

72. Refer the Court to the Award referenced in Paragraph 72 of the Petition, and except as so admitted, deny the allegations of said paragraph.

73. Refer the Court to the Award referenced in Paragraph 73 of the Petition, and except as so admitted, deny the allegations of said paragraph.

74. Refer the Court to the Award referenced in Paragraph 74 of the Petition, and except as so admitted, deny the allegations of said paragraph.

75. Refer the Court to the Award referenced in Paragraph 75 of the Petition, and except as so admitted, deny the allegations of said paragraph.

76. Refer the Court to the correspondence and Award referenced in Paragraph 76 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

77. Refer the Court to the correspondence referenced in Paragraph 77 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

78. Refer the Court to the correspondence referenced in Paragraph 78 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

79. Refer the Court to the correspondence referenced in Paragraph 79 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

80. Refer the Court to the correspondence referenced in Paragraph 80 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

81. Refer the Court to the Award referenced in Paragraph 81 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

82. Refer the Court to the correspondence referenced in Paragraph 82 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

83. Refer the Court to the Award referenced in Paragraph 83 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

84. Refer the Court to the Award referenced in Paragraph 84 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

85. Refer the Court to the transcript sections referenced in Paragraph 85 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

86. Deny the allegations in Paragraph 86 of the Petition.

87. Deny the allegations in Paragraph 87 of the Petition.

88. Answering Paragraph 88 of the Petition, refer the Court to the Award of the panel for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

89. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Petition.

90. Refer the Court to the Award referenced in Paragraph 90 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

91. Refer the Court to the Award referenced in Paragraph 91 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

92. Repeat and reallege the answers to Paragraphs 1 through 91 of the Petition.

93. Refer the Court to the Treaties referenced in Paragraph 93 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

94. Admit the allegations in Paragraph 94 of the Petition.

95. Answering Paragraph 95 of the Petition, refer all questions of law to the Court for resolution.

#275444v1

96. Admit the allegations in Paragraph 96 of the Petition.

97. Deny the allegations in Paragraph 97 of the Petition.

98. Deny the allegations in Paragraph 98 of the Petition.

99. Deny the allegations in Paragraph 99 of the Petition.

100. Repeat and reallege the answers to Paragraphs 1 through 99 of the Petition.

101. Refer the Court to the Treaties referenced in Paragraph 101 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

102. Admit the allegations in Paragraph 102 of the Petition.

103. Answering Paragraph 103 of the Petition, refer all questions of law to the Court for resolution.

104. Admit the allegations in Paragraph 104 of the Petition.

105. Deny the allegations in Paragraph 105 of the Petition.

106. Deny the allegations in Paragraph 106 of the Petition.

107. Deny the allegations in Paragraph 107 of the Petition.

## **FIRST DEFENSE**

108.     The Petition must be denied for the reasons set forth in CRP's papers filed in opposition to SICH's Petition to Compel Arbitration.

## **SECOND DEFENSE**

109.     The Petition must be denied because the Court's Decision and Order dated May 8, 2007, which ordered CRP to proceed to arbitration before members of a previously-selected panel on previously-agreed-upon dates, was improper as a matter of law.

WHEREFORE, respondents request that the Court:

(a)     deny the relief requested in the Petition; and

(b)     grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
         October 11, 2007

                          D'AMATO & LYNCH
                          Attorneys for Respondents

                          By_____s/_____
                             John P. Higgins (JH-2419)
                          70 Pine Street
                          New York, NY  10270-0110
                          (212) 269-0927

#275444v1