UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SECURITY INSURANCE COMPANY OF          :
HARTFORD Itself, and as Successor in Interest  :
to The Fire and Casualty Insurance Company of  :
Connecticut and The Connecticut Indemnity  :   Case Filed Under Seal
Company,                               :
                                       :
             Petitioners,           :
                                       :   **Docket No.  07 CV 3277 (VM)**
   -against-                         :
                                       :   **ANSWER TO PETITION**
COMMERCIAL RISK REINSURANCE            :
COMPANY LIMITED (BERMUDA) and          :
COMMERCIAL RISK RE-INSURANCE           :
COMPANY (VERMONT),                     :
                                       :
             Respondents.           :
                                       :
------------------------------------------------------------ x

      Respondents Commercial Risk Reinsurance Company Limited (s/h/a Commercial Risk Reinsurance Company Limited (Bermuda)) and Commercial Risk Re-Insurance Company (s/h/a Commercial Risk Re-Insurance Company (Vermont)), by their attorneys, as and for their answer to the Petition herein, allege as follows:

      1.    Refer the Court to the reinsurance treaties referenced in Paragraph 1 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

      2.    Refer the Court to the arbitration demands referenced in Paragraph 2 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

3. Admit the allegations in Paragraph 3 of the Petition, except deny the relevance of the DIG Arbitration to the proceedings herein.

4. Admit the allegations in Paragraph 4 of the Petition, except deny that the third arbitrator is properly deemed an "Umpire," deny knowledge and information sufficient to form a belief as to the level of input of Petitioners in the selection of the third arbitrator, and deny the relevance of the DIG Arbitration to the proceedings herein.

5. Admit the allegations in Paragraph 5 of the Petition.

6. Answering Paragraph 6 of the Petition, refer the Court to the correspondence referenced in Paragraphs 51 through 53 (of which Paragraph 6 appears to be an introductory summary), and except as so admitted, deny the allegations in said Paragraph.

7. Deny the allegations in Paragraph 7 of the Petition, except admit that respondents took steps to proceed with the appointment of a new panel.

8. Deny the allegations in Paragraph 8 of the Petition.

9. Deny knowledge and information sufficient to form a belief as the truth of the allegations in Paragraph 9 of the Petition.

10. Admit the allegations in Paragraph 10 of the Petition.

11. Admit the allegations in Paragraph 11 of the Petition.

#266898v1

12. Answering Paragraph 12 of the Petition, admit that the arbitration is not entirely between citizens of the Untied States, and refer all issues of law to the Court for resolution.

13. Refer the Court to the Treaties referenced in Paragraph 13 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

14. Refer all questions of law to the Court for resolution, refer the Court to the Treaties referenced in Paragraph 14 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

15. Answering Paragraph 15 of the Petition, refer all questions of law to the Court for resolution.

16. Answering Paragraph 16 of the Petition, refer all questions of law to the Court for resolution.

17. Admit the allegations in Paragraph 17 of the Petition.

18. Admit the allegations in Paragraph 18 of the Petition.

19. Admit the allegations in Paragraph 19 of the Petition.

20. Admit the allegations in Paragraph 20 of the Petition.

21. Answering Paragraph 21 of the Petition, refer all questions of law to the Court for resolution.

#266898v1

22. Refer the Court to the Treaty referenced in Paragraph 22 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

23. Refer the Court to the Treaty referenced in Paragraph 22 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

24. Refer the Court to the Treaty referenced in Paragraph 24 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

25. Refer the Court to the Treaty referenced in Paragraph 25 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

26. Refer the Court to the Treaty referenced in Paragraph 26 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

27. Refer the Court to the Treaties referenced in Paragraph 27 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

28. Refer the Court to the arbitration demands referenced in Paragraph 28 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

29. Admit the allegations in Paragraph 29 of the Petition, except deny knowledge and information sufficient to form a belief as to Mr. Haber's background.

30. Refer the Court to the letter referenced in Paragraph 30 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said paragraph.

31. Admit the allegations in Paragraph 31 of the Petition

32. Admit the allegations in Paragraph 32 of the Petition.

33. Admit the allegations in Paragraph 33 of the Petition, except deny the characterization of the third arbitrator as an "Umpire," and deny knowledge and information sufficient to form a belief as to what is commonly done in the reinsurance industry.

34. Admit the allegations in Paragraph 34 of the Petition, except deny the characterization of the third arbitrator as an "Umpire."

35. Admit the allegations in Paragraph 35 of the Petition, except deny the characterization of the third arbitrator as an "Umpire."

36. Admit the allegations in Paragraph 36 of the Petition, except deny the characterization of the third arbitrator as an "Umpire."

      37.     Admit the allegations in Paragraph 37 of the Petition, except deny the characterization of Mr. Thirkill's role as an "Umpire."

      38.     Admit the allegations in Paragraph 38 of the Petition.

      39.     Admit the allegations in Paragraph 39 of the Petition, except deny the characterization of Mr. Thirkill's role as an "Umpire."

      40.     Admit the allegations in Paragraph 40 of the Petition, except deny the relevance of such allegations to the proceedings herein.

      41.     Admit the allegations in Paragraph 41 of the Petition, except deny the relevance of such allegations to the proceedings herein.

      42.     Admit the allegations in Paragraph 42 of the Petition.

      43.     Refer the Court to the Hold Harmless Agreement referenced in Paragraph 43 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

      44.     Admit the allegations in Paragraph 44 of the Petition.

      45.     Admit the allegations in Paragraph 45 of the Petition, except deny the relevance of the DIG Arbitration to the proceedings herein.

      46.     Admit the allegations in Paragraph 46 of the Petition, except denies the relevance of the DIG Arbitration to the proceedings herein.

#266898v1

47. Admit the allegations in Paragraph 47 of the Petition, except denies the relevance of the DIG Arbitration to the proceedings herein.

48. Admit the allegations in Paragraph 48 of the Petition, except denies the relevance of the DIG Arbitration to the proceedings herein.

49. Admit the allegations in Paragraph 49 of the Petition, except denies the relevance of the DIG Arbitration to the proceedings herein.

50. Admit the allegations in Paragraph 46 of the Petition, except denies the relevance of those allegations to the proceedings herein.

51. Refer the Court to the e-mail referenced in Paragraph 51 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

52. Refer the Court to the e-mail referenced in Paragraph 52 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

53. Refer the Court to the e-mail referenced in Paragraph 53 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

54. Refer the Court to the e-mail referenced in Paragraph 54 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

55. Admit the allegations in Paragraph 55 of the Petition.

56. Refer the Court to the letter referenced in Paragraph 56 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

57. Refer the Court to the letter referenced in Paragraph 57 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

58. Refer the Court to the letter referenced in Paragraph 58 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

59. Refer the Court to the e-mail referenced in Paragraph 59 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

60. Admit the allegations in Paragraph 60 of the Petition and refer the Court to the letter referenced therein for the complete terms thereof.

61. Deny the allegations in Paragraph 61 of the Petition, except admit that respondents requested that SICH confirm its re-appointment of Mr. Haber as arbitrator and advise that, upon confirmation, Mr. Gentile would contact Mr. Haber to undertake the selection of a third arbitrator.

62. Admit the allegations in Paragraph 62 of the Petition, refer the Court to the petition referenced therein for the complete terms thereof, but deny the relevance of such allegations to the proceedings herein.

63. Admit the allegations in Paragraph 63 of the Petition, except deny the relevance of such allegations to the proceedings herein.

64. Admit the allegations in Paragraph 64 of the Petition, except deny the relevance of such allegations to the proceedings herein.

65. Admit the allegations in Paragraph 65 of the Petition, except deny the relevance of such allegations to the proceedings herein.

66. Admit the allegations in Paragraph 66 of the Petition, except deny the relevance of such allegations to the proceedings herein.

67. Refer the Court to the correspondence referenced in Paragraph 67 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

68. Refer the Court to the correspondence referenced in Paragraph 68 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

69. Refer the Court to the correspondence referenced in Paragraph 69 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

#266898v1

70. Refer the Court to the correspondence referenced in Paragraph 70 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

71. Refer the Court to the correspondence referenced in Paragraph 71 of the Petition for the complete terms thereof, and except as so admitted, deny the allegations of said Paragraph.

72. Deny the allegations in Paragraph 72 of the Petition.

73. Admit the allegations in Paragraph 73 of the Petition.

74. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Petition.

75. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Petition.

76. Admit the allegations in Paragraph 76 of the Petition, except deny the relevance of the DIG Arbitration to the proceedings herein.

77. Admit the allegations in Paragraph 76 of the Petition, except deny the relevance of such allegations to the proceedings herein.

78. Deny the allegations in Paragraph 78 of the Petition except deny the relevance of the DIG Arbitration to the proceedings herein and admit that respondents have filed a petition to vacate the award in the DIG Arbitration.

79. Deny the allegations in Paragraph 79 of the Petition.

80. Deny the allegations in Paragraph 80 of the Petition.

81. Admit the allegations in Paragraph 81 of the Petition.

82. Deny the allegations in Paragraph 82 of the Petition.

83. Deny the allegations in Paragraph 83 of the Petition except admit that the arbitration hearing was postponed from its originally scheduled date.

84. Deny the allegations in Paragraph 84 of the Petition.

85. Deny the allegations in Paragraph 85 of the Petition.

86. Deny the allegations in Paragraph 86 of the Petition.

87. Respondents repeat and realleges their responses to Paragraphs 1 through 86 of the Petition as if fully set forth herein.

88. Deny the allegations in Paragraph 88 of the Petition.

89. Deny the allegations in Paragraph 86 of the Petition, except admit that respondents have refused to proceed with the Non-DIG arbitration prior to the appointment of a new panel.

90. Deny the allegations in Paragraph 90 of the Petition and refer all questions of law to the Court for resolution.

91.  Deny the allegations in Paragraph 91 of the Petition and refer all questions of law to the Court for resolution.

92.  Deny the allegations in Paragraph 92 of the Petition.

93.  Respondents repeat and realleges their responses to Paragraphs 1 through 92 of the Petition as if fully set forth herein.

94.  Deny the allegations in Paragraph 94 of the Petition, except admit that prior to Mr. Dielmann's resignation, the parties agreed to proceed with the Non-DIG Arbitration on the dates June 25-29, 2007.

95.  Deny the allegations in Paragraph 95 of the Petition.

96.  Deny the allegations in Paragraph 96 of the Petition and refer all questions of law to the Court for resolution.

97.  Deny the allegations in Paragraph 97 of the Petition and refer all questions of law to the Court for resolution.

98.  Deny the allegations in Paragraph 98 of the Petition.

99.  Respondents repeat and realleges their responses to Paragraphs 1 through 98 of the Petition as if fully set forth herein.

100.  Deny the allegations in Paragraph 100 of the Petition.

101.  Deny the allegations in Paragraph 101 of the Petition.

102. Deny the allegations in Paragraph 102 of the Petition and refer all questions of law to the Court for resolution.

103. Deny the allegations in Paragraph 103 of the Petition and refer all questions of law to the Court for resolution.

104. Deny the allegations in Paragraph 104 of the Petition.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

105. The Petition fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

106. The Court lacks subject matter jurisdiction over all or part of the relief requested in the Petition.

### DEMAND FOR TRIAL

Pursuant to 9 U.S.C. §4, Respondents demand that the Court proceed to a trial of all issues relating to the alleged failure, neglect, or refusal of Respondents to perform in accordance with the arbitration agreements referenced in the Petition.

WHEREFORE, respondents request that the Court:

(a) deny the relief requested in the Petition;

(b) proceed to a trial of all issues relating to the alleged failure, neglect, or refusal of Respondents to perform in

#266898v1

accordance with the arbitration agreements referenced in the Petition;

(c)  award Respondents their cost, expenses and attorneys' fees incurred in the defense of the Petition; and

(d)  grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 30, 2007

                              D'AMATO & LYNCH
                              Attorneys for Respondents

                              By_____s/_____
                                  John P. Higgins (JH-2419)
                              70 Pine Street
                              New York, NY  10270-0110
                              (212) 269-0927

                              -and-

                              DAVID L. FERSTENDIG (DF-1130)
                              Attorney for Respondents
                              292 Madison Avenue
                              New York, NY 10017
                              (212) 213-1233

#266898v1